ROGERS, J.,
concurring:
I concur in the lead opinion except with regard to defendant Raciti, and therefore do not join Part I.D.3. and the portion of Part II dealing with Washtenaw County’s potential liability under Ellis v. Cleveland Municipal School District, 455 F.3d 690, 700 (6th Cir.2006).
On June 12, 2003, when Officers Watchowski and Lawrence arrived to pick up *474 Morton, Officer Watchowski asked Corrections Officer Pamela Raciti how Morton was doing, to which Raciti responded that Morton was doing fine. JA 139. Raciti did not observe any problems from Morton during his nine-day period of incarceration, JA 157, and observed him smiling at one point. JA 160. There is some evidence that, during this conversation, Officer Raciti warned Officers Watchowski and Lawrence that Morton was on suicide watch. JA 164. The record, however, is not clear on this point, as Officer Raciti testified that she did not specifically remember warning the other officers, JA 164, and this disputed fact at this point should be resolved in the plaintiffs favor.
Assuming that Officer Raciti did not warn Officers Watchowski and Lawrence of Morton’s suicide risk, Officer Raciti observed three significant facts that would warrant her reasonable belief that an experienced transportation officer, like Watchowski or Lawrence, would have been aware of the risk. First, the court ordered that Morton be put on suicide watch and Raciti believed that the court order was in the file that Watchowski and Lawrence received. (Officer Watchowski, as it turns out, was present in the courtroom when the judge instructed authorities to put Morton on suicide watch.) Second, Raciti believed that Watchowski and Lawrence knew that Morton was in an observation cell. Third, Raciti believed that Watchowski and Lawrence knew that Morton wore a bam-bam uniform, which, combined with the other two factors, suggested that Morton was on suicide watch.
These facts demonstrate a reasonable belief on Officer Raciti’s part that Officers Watchowski and Lawrence should have been aware of Morton’s suicide risk. Even if such a belief was not reasonable, the facts at least preclude the inference that Officer Raciti was deliberately indifferent by failing to warn Officers Watchowski and Lawrence of Morton’s risk. Raciti’s reliance on Officers Watchowski and Lawrence to deal with Morton’s suicide risk might have been mistaken, or even careless. (There is a dispute as to whether Officers Watchowski and Lawrence were aware of the risk.) Nevertheless, Raciti’s actions cannot be determined to have sunk to the level of deliberate indifference.
Raciti’s failure to warn Watchowski and Lawrence of Morton’s suicide risk amounted, at most, to negligence because there is no evidence that Raciti knew that Watchowski and Lawson were ignorant about or would ignore signs of Morton’s suicide risk. In essence, Cooper claims that an officer can be deliberately indifferent to a risk that others would be deliberately indifferent to a risk. The Supreme Court’s decision in Farmer v. Brennan, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), however, instructs us not to find an officer liable for a tenuous connection similar to the one in this case.